**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10191 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00032-RCC-BGM-1 |
| v. | |
| DONOVAN QUENTIN DELORES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Donovan Quentin Delores appeals from the district court's judgment and challenges the 12-month sentence imposed upon his third revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Delores contends that the district court procedurally erred by failing to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained its reasons for adopting probation's recommendation to impose the above-Guidelines sentence, including Delores's history of noncompliance and his unsuitability for supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Delores's contention, the record reflects that the district court relied on only proper sentencing factors. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Delores also contends that the sentence is substantively unreasonable because his violation was merely "technical." The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Delores's repeated violations of the court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1063.

**AFFIRMED.**

19-10191